1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    AARON L. JONES.,                          No.  2:22-cv-02203 DB P

12                    Plaintiff,

13         v.                                    ORDER

14    SCOTT R. JONES, et al.,

15                    Defendants.

16

17

18         Plaintiff, a former inmate at the Sacramento County Main Jail,[1] proceeds without counsel

19    and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local

20    Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's complaint filed on December 12, 2022

21    (ECF No. 1), is before the court for screening. As set forth below, the complaint's allegations do

22    not state a claim, but plaintiff is granted leave to file an amended complaint.

23    **I.        In Forma Pauperis**

24         Plaintiff seeks to proceed in forma pauperis. (ECF No. 2.) The declaration makes the

25    showing required by 28 U.S.C. § 1915(a). The motion is granted.

26    ////

27

28    ---
      [1] According to plaintiff's notice of change of address, plaintiff is no longer in custody.

1

**II.      Screening Requirement**

2        The court is required to screen complaints brought by prisoners seeking relief against a

3  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

4  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

7  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v.

8  Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.

9  1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal

10  theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical

11  inquiry is whether a constitutional claim has an arguable legal and factual basis. See Jackson v.

12  Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

13        Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement

14  of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S.

15  544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a

16  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

17  sufficient "to raise a right to relief above the speculative level." Id., 550 U.S. at 555. The facts

18  alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it

19  rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In

20  reviewing a complaint under this standard, the court accepts as true the allegations of the

21  complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer

22  v. Rhodes, 416 U.S. 232, 236 (1974).

23

**III.      Allegations in the Complaint**

24        On April 27, 2022, plaintiff saw a dentist (name unknown) at the Sacramento County

25  Main Jail for a cracked left top wisdom tooth that needed to be removed. (ECF No. 1 at 3.) The

26  dentist indicated the tooth could not be removed at the jail. (Id.)

27        Plaintiff developed unbearable pain in his left cheek bone and began having daily

28  headaches. (ECF No. 1 at 3.) Plaintiff was also concerned about infection. (Id.) Plaintiff filed a

grievance about being denied adequate medical care. (Id. at 4.) After that, plaintiff's pain medication was stopped for no reason. (Id.)

On September 8, 2022, plaintiff was summoned to the dental clinic at Rio Cosumnes Correctional Center ("RCCC"). (ECF No. 1 at 4.) The dentist (name unknown) wanted to do a partial root canal and put medication inside the tooth to stop the pain. (Id.) The dentist said plaintiff was on the list for the oral surgeon but did not know why plaintiff had not been sent to the oral surgeon. (Id.) The dentist stated plaintiff had been referred twice and was approved. (Id.) The dentist said it would cost the County a lot of money and that the Sheriff and the County would have to approve payment for the surgeon. (Id.) Plaintiff underwent the partial root canal procedure. (Id. at 4-5.)

On October 2, 2022, plaintiff submitted another grievance complaining that his medical grievances about dental care were not receiving responses. (ECF No. 1 at 5.) Five days later, on October 7, 2022, plaintiff was summoned to the dental office at RCCC, where Dr. H. Tran, DMD, asked plaintiff to withdraw his medical grievance. (Id.) Dr. Tran stated plaintiff was approved by the County to see the oral surgeon. (Id.) Dr. Tran stated that according to a sheriff's deputy (name unknown), plaintiff should have the wisdom tooth removed within three weeks. (Id.)

After signing and withdrawing the medical grievance, Dr. Tran began asking plaintiff questions and telling plaintiff he was smart, that he should go back to school, and that his mother would be very proud that he can read, write, and spell. (ECF No. 1 at 5.) More than three weeks passed, but plaintiff was not taken for oral surgery as promised by Dr. Tran while in custody. (Id.)

The named defendants are Sheriff Scott R. Jones and "Sacramento County Adult Correctional Health." (ECF No. 1 at 3.) Plaintiff seeks monetary damages. (Id. at 5.)

**IV.     Discussion**

**A.        Deliberate Indifference – Dental Care**

The complaint, as currently pleaded, does not contain adequate factual allegations linking the sole named individual defendant – Sheriff Jones – to the denial of pain medication or delay of medical care allegedly suffered by plaintiff. To state a claim under § 1983, a plaintiff must allege two elements: (1) a right secured by the Constitution or laws of the United States was violated,

1   and (2) the alleged violation was committed by a person acting under the color of state law. West

2   v. Atkins, 487 U.S. 42, 48 (1988).

3          Here, it is not clear whether plaintiff was a pretrial detainee or was serving a sentence for

4   a conviction at the relevant time. Because plaintiff's status as a pretrial detainee or a convicted

5   jail inmate at the relevant time informs the applicable standard, plaintiff may clarify this point in

6   any amended complaint.

7          If plaintiff was serving a sentence for a conviction, then the applicable standard is that of

8   the Eighth Amendment, under which prison officials violate the Eighth Amendment if they are

9   deliberately indifferent to a sufficiently serious threat to an inmate's health or safety. See Farmer

10  v. Brennan, 511 U.S. 825, 834 (1994) (setting forth the objective and subjective prongs). If

11  plaintiff was a pretrial detainee, then the more protective Fourteenth Amendment standard

12  governs his challenge to conditions of confinement. See Jones v. Blanas, 393 F.3d 918, 931 (9th

13  Cir. 2004). Either way, allegations that prison officials delayed needed treatment for plaintiff's

14  dental issues could potentially state a cognizable deliberate indifference claim. See Hunt v. Dental

15  Dep't, 865 F.2d 198, 201 (9th Cir. 1989) (finding deliberate indifference when officials delayed

16  dental care). To establish a claim of deliberate indifference arising from a delay in providing care,

17  a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th

18  Cir. 1994).

19         Here, Defendant Jones cannot be found liable based solely on the fact of holding the

20  position of Sheriff. See Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991). A

21  supervisor is liable for constitutional violations of a subordinate only "if the supervisor

22  participated in or directed the violations, or knew of the violations and failed to act to prevent

23  them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). The complaint alleges plaintiff was

24  informed the Sheriff would have to approve an expensive payment to the surgeon, and plaintiff

25  was not taken for oral surgery despite being approved and being on the list. The allegations

26  regarding defendant Jones' involvement are too speculative to show that Jones was personally

27  responsible for plaintiff not seeing the oral surgeon, or for the other harm allegedly suffered from

28  the denial of pain medication or delay of dental care. See Rizzo v. Goode, 423 U.S. 362 (1976)

4

1   (the civil rights statute requires that there be an actual connection or link between the actions of

2   the defendants and the deprivation alleged to have been suffered by plaintiff).

3          Although the complaint does not state a claim against defendant Jones, plaintiff is granted

4   leave to amend this claim by adding additional facts regarding defendant Jones' involvement or

5   the involvement of other individual defendants who may be responsible for the harm allegedly

6   suffered. In any amended complaint, plaintiff must link each named individual defendant with

7   some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. In

8   other words, plaintiff should explain what each named defendant did or failed to do that caused

9   the harm plaintiff suffered from the denial or delay of dental care.

10          **B.     Improper Defendant – Sacramento County Adult Correctional Health**

11          The second named defendant, "Sacramento County Adult Correctional Health," is an

12   improper defendant for a suit under 42 U.S.C. § 1983. Section 1983 provides a cause of action

13   against any person, including municipalities, for the "deprivation of any rights, privileges, or

14   immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983; Monell v. Dep't of Soc.

15   Servs. of N.Y., 436 U.S. 658, 690 (1978). As a singular department of the County, "Sacramento

16   County Adult Correctional Health" is not a "person" that can be sued for monetary damages

17   under 42 U.S.C. § 1983. See Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007) (discussing

18   persons subject to suit under § 1983); Fischer v. Cahill, 474 F.2d 991, 992 (3rd Cir. 1992)

19   (prison's medical department is not a "person" within the meaning of § 1983); Cartee v. Imperial

20   County Sheriff's Dep't., No. 3:18-cv-00327-CAB-AGS, 2018 WL 2411742, at * 3 (S.D. Cal.

21   May 29, 2018) (departments of municipal entities are not "persons" subject to suit under § 1983).

22          In contrast, the County of Sacramento itself would be considered a "person" under 42

23   U.S.C. § 1983. See Monell, 436 U.S. at 690. But even if the complaint named the County of

24   Sacramento as a defendant, the allegations do not suffice to state a claim against the County of

25   Sacramento. To establish that a municipal entity is liable for an alleged violation, a plaintiff must

26   establish that the alleged violation was attributable to an official municipal policy, a permanent

27   and well-settled practice, or a decision of a municipal official with final decision-making

28   authority. See Pembaur v. City of Cincinnati, 475 U.S. 469, 481-83 (1986). Generally, in order

1   for a municipality to be liable under <u>Monell</u>, a plaintiff must show that "(1) they were deprived of

2   their constitutional rights by defendants and their employees acting under color of state law; (2)

3   that the defendants have customs or policies which 'amount[ ] to deliberate indifference' to their

4   constitutional rights; and (3) that these policies are the 'moving force behind the constitutional

5   violation[s].'" <u>Lee v. City of L.A.</u>, 250 F.3d 668, 681-82 (9th Cir. 2001) (quoting <u>Oviatt v.</u>

6   <u>Pearce</u>, 954 F.2d 1470, 1477 (9th Cir. 1992)), abrogated on other grounds by <u>Twombly</u>, 550 U.S.

7   at 555; <u>see also</u> <u>Picray v. Sealock</u>, 138 F.3d 767, 772 (9th Cir. 1998) ("Proof of random acts or

8   isolated events does not satisfy the plaintiff's burden to establish a custom or policy.").

9        Here, plaintiff does not point to a specific policy, practice, or decision of a municipal

10   official with final decision-making authority that led to the alleged deprivation. Therefore, the

11   complaint does not state a claim against the County of Sacramento.

12   **V.    Conclusion and Order**

13        Plaintiff's complaint does not state any cognizable claims, but plaintiff is granted leave to

14   file an amended complaint. <u>See</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If

15   plaintiff chooses to file an amended complaint, it should be titled "first amended complaint" and

16   must state what each named defendant did that led to the deprivation of constitutional rights. <u>See</u>

17   <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676-677 (2009).

18        In the alternative, plaintiff may notify the court he wishes to stand on the complaint as it is

19   currently pleaded. <u>See</u> <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058, 1064-65 (9th Cir. 2004). If

20   plaintiff chooses this option, the undersigned will issue findings and recommendations to dismiss

21   the complaint without further leave to amend, after which plaintiff will be granted an opportunity

22   to file objections, and a district judge will determine whether the complaint states a cognizable

23   claim. In the further alternative, if plaintiff does not wish to pursue his claims further, plaintiff may

24   file a notice of voluntary dismissal, which will terminate this action by operation of law.

25        This opportunity to amend is not for the purpose of adding new claims. <u>See</u> <u>George v.</u>

26   <u>Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Instead, plaintiff should

27   focus efforts on curing deficiencies of the claims already set forth.

28   ////

1       An amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57

2  (9th Cir. 1967), and must be "complete in itself without reference to the prior or superseded

3  pleading," E.D. Cal. Local Rule 220. Once plaintiff files an amended complaint, the original

4  pleading no longer serves any function in the case. Therefore, in any amended complaint, plaintiff

5  must sufficiently allege each claim and the involvement of each defendant.

6  **VI.**   **Order**

7       In accordance with the above, IT IS HEREBY ORDERED:

8     1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

9     2. The Clerk's Office shall send plaintiff a blank civil rights complaint form.

10     3. Within thirty days from the date of service of this order, plaintiff must file one of the

11  following:

12          a.   An amended complaint curing the deficiencies identified in this order;

13          b.   A notice of election to stand on the complaint as filed; or

14          c.   A notice of voluntary dismissal.

15     4. Failure to respond to this order will result in a recommendation that this action be

16  dismissed for failure to obey a court order and failure to prosecute.

17  Dated: July 6, 2023

18

19

20

21  DLB7
jone2203.scrn

                             DEBORAH BARNES
                         UNITED STATES MAGISTRATE JUDGE